IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AMANDA BACH, | ) | |
| | ) | CASE NO. BK08-81075-TJM |
| Debtor(s). | ) | A08-8041-TJM |
| AMANDA BACH, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| SALLIE MAE, INC. and EDUCATIONAL | ) | |
| CREDIT MANAGEMENT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER</u>

This matter is before the court on motions for summary judgment by Sallie Mae, Inc. (Fil. #23) and Educational Credit Management Corp. (Fil. #27), and the plaintiff's objection thereto (Fil. #32). Ryan D. Caldwell represents the debtor, Joel A. Bacon represents Educational Credit Management Corporation ("ECMC"), and Joel M. Carney represents Sallie Mae, Inc. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motions were taken under advisement without oral arguments.

The motions are granted.

The debtor-plaintiff is a 25-year-old single woman living in Omaha, Nebraska. She took out a number of student loans from 2003 to 2005, which remain unpaid. She filed a Chapter 7 bankruptcy petition in April 2008. In connection with the bankruptcy, she filed this adversary proceeding to discharge the student loan debts under 11 U.S.C. § 523(a)(8), arguing that repayment of the loans would cause her an undue hardship as she is unable to maintain steady employment, is responsible for the support of her family, and has no income or assets with which to pay the student loans. She also asserts that neither deferment nor forbearance is a realistic option because of her limited income. The holders of her student loan debt argue that she has sufficient disposable income each month to make payments on her obligations.

Ms. Bach was enrolled in ITT Tech from September to December 2003 and March 2004 to April 2004. At the time, she was parenting one child. To assist with the expenses of her education, she received student loans from Sallie Mae in September 2003, September 2004, and April 2005. The balance of those loans now totals approximately $10,000. She also obtained a consolidation loan now held by ECMC in January 2005. The current balance of that loan is slightly more than $10,000. While enrolled in school, she gave birth to her second child and was unable to continue her formal

education. She has made only one payment on the Sallie Mae loans and no payments on the ECMC loan. She received forbearances and deferments on the ECMC loan from six weeks after the funds were disbursed until the date this adversary proceeding was filed. Since leaving school, she has worked at a series of sales and telemarketing jobs, and is currently a full-time customer service representative for Hewlett Packard earning $16 per hour.

Sallie Mae argues that with the gross monthly income reflected in Ms. Bach's pay statements, she could afford to pay her current monthly expenses and still have money left for the approximately $125 in monthly payments she owes to Sallie Mae. Under Sallie Mae's calculations, Ms. Bach has a monthly surplus of just about $950 without taking into account annual income tax refunds, her 401(k) contribution, or child support owed by the children's fathers.

ECMC argues that by reducing her retirement savings and/or her religious giving, and by using her income tax refunds, she could readily make the necessary monthly loan payments.

Both lenders argue that Ms. Bach is young, employed, and in good health, and with some adjustments to her expenditures, could easily afford to make monthly payments on these loans. The $125 payment owed to Sallie Mae and the $70 payment sought by ECMC total $195 per month.

In contrast, Ms. Bach states that her monthly gross income is $2,700, her monthly net income is $2,134 (which does not include a 401(k) deduction), and her monthly expenses are $2,132.65, leaving her with less than $2 per month in disposable income. Specifically, her monthly expenses, according to her responses to interrogatories in October 2008, are as follows:

| | |
|---|---|
| Rent | $ 500.00 |
| Car | $ 304.65 |
| Auto Insurance | $ 151.00 |
| Telephone bill | $ 100.00 |
| Rental insurance | $ 17.00 |
| Daycare | $ 340.00 |
| Gasoline | $ 170.00 |
| Groceries | $ 200.00 |
| Utilities | $ 150.00 |
| Tithe | $ 180.00 |
| Children's Sunday School offering | $ 20.00 |
| Total | $ 2,132.65 |

Ms. Bach is unwilling to reduce her $200 monthly contribution to her church, and she fears that because of her full-time employment she will no longer be eligible for state-funded medical assistance for her children, thereby resulting in an increase in insurance costs. With regard to the $100 she is owed for monthly child support, in addition to the $4,000 arrearage both men owe, she indicates that she cannot afford to hire legal counsel to pursue the matter and has not received assistance from the state child support enforcement program. She believes that her expenses are reasonable and that her income potential likely has peaked.

A debtor seeking discharge of an educational loan debt bears the burden of proving, by a preponderance of the evidence, that repayment of those loans would impose an undue hardship on her and her dependents. Parker v. Gen. Revenue Corp. (In re Parker), 328 B.R. 548, 552 (B.A.P. 8th Cir. 2005).

"Undue hardship" is not defined in the Bankruptcy Code, so courts have devised their own methods of determining whether an undue hardship exists. In the Eighth Circuit, the "totality of the circumstances" test is used. Long v. Educational Credit Mgmt. Corp. (In re Long), 322 F.3d 549, 553 (8th Cir. 2003) (citing Andrews v. South Dakota Student Loan Assistance Corp. (In re Andrews), 661 F.2d 702 (8th Cir. 1981)). Andrews requires a totality-of-the-circumstances evaluation of the debtor's past, present, and reasonably reliable future financial resources; a calculation of the reasonable necessary living expenses of the debtor and her dependents; and any other circumstances unique to the particular bankruptcy case. Long, 322 F.3d at 554 (citing Andrews, 661 F.2d at 704 and Andresen v. Nebraska Student Loan Program, Inc. (In re Andresen), 232 B.R. 127, 140 (B.A.P. 8th Cir. 1999)).

As the Eighth Circuit expressed in Long,

> Simply put, if the debtor's reasonable future financial resources will sufficiently cover payment of the student loan debt — while still allowing for a minimal standard of living — then the debt should not be discharged. Certainly, this determination will require a special consideration of the debtor's present employment and financial situation — including assets, expenses, and earnings — along with the prospect of future changes — positive or adverse — in the debtor's financial position.

322 F.3d at 554-55 (citing Andresen, 232 B.R. at 141); Reynolds v. Penn. Higher Educ. Assistance Agency (In re Reynolds), 425 F.3d 526, 532 (8th Cir. 2005).

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). An issue is genuine if it has a real basis in the record, and a genuine issue of fact is material if it might affect the outcome of the suit. Hartnagel v. Norman, 953 F.2d 394, 395 (8th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

genuine issue for trial." <u>Blocker v. Patch (In re Patch)</u>, 526 F.3d 1176, 1180 (8th Cir. 2008) (quoting <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986)). In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion and give that party the benefit of all reasonable inferences to be drawn from the record, without resorting to speculation. <u>Hitt v. Harsco Corp</u>., 356 F.3d 920, 923-34 (8th Cir. 2004).

There is no evidence here that the debtor and her dependents will suffer undue hardship by repaying these student loans. Leaving aside any subjective view of Ms. Bach's monthly expenses, or any reliance on future income tax refunds, it is clear that funds are or will be available which can be used for the student loan debts. First, Ms. Bach indicated in her discovery responses that she expects to pay off her vehicle in June 2009. That will free up $300 per month. Likewise, her children are age 4 and age 6. Presumably, both will be in school by next year, which should reduce the daycare expenses. In addition, Ms. Bach is urged to take steps, by contacting the local child support enforcement office, to collect the child support owed by the children's fathers. The reduction of the vehicle expense and the increase in income via the child support payments are two obvious means of obtaining sufficient funds to make the $200 monthly student loan payment.

Moreover, Ms. Bach is a young person. There is no evidence in the record to indicate that she has health problems or any other issues, beyond normal fluctuations of the economy, that would affect her ability to work. She likely will be in the workforce for the next 40 years, which will give her the ability to gain sufficient financial footing to make payments on these debts.

Therefore, the debtor has not met her burden of proof, and the defendants' motions for summary judgment will be granted.

IT IS ORDERED: The motions for summary judgment by Sallie Mae, Inc. (Fil. #23) and Educational Credit Management Corp. (Fil. #27) are granted. Separate judgment will be entered.

DATED:    April 22, 2009

BY THE COURT:

  /s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    Ryan D. Caldwell
    *Joel M. Carney
    *Joel A. Bacon
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.